UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| THE COURIER-JOURNAL, INC., et al, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 11-09-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CABINET FOR HEALTH AND FAMILY SERVICES, et al, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the Motion to Remand by Plaintiffs The Courier-Journal, Inc. and Lexington H-L Services, Inc. (collectively, the "Newspapers"). [Record No. 6] For the following reasons, the Newspapers' motion will be granted and the case will be remanded to state court.

**I.    Background**

The Cabinet for Health and Family Services (the "Cabinet"), through its Department for Community Based Services, is responsible for child protective services in the Commonwealth of Kentucky. In executing that mission, the Cabinet maintains a wide range of information and records concerning individual children who use or interact with its services. As a general policy, the Cabinet does not disclose that private information to the public. However, in 2009, the plaintiffs in this action sued the Cabinet in Franklin County Circuit Court to obtain access to

certain records pursuant to Kentucky's Open Records Act, Ky. Rev. Stat. Ann. ("KRS") § 61.870, *et seq.*

In the 2009 lawsuit, the Franklin Circuit Court held that the Open Records Act required the Cabinet to disclose its records relating to a specific set of cases: cases where child abuse or neglect resulted in a fatality or near-fatality. *See Lexington H-L Services, Inc. v. Cabinet for Health and Family Services*, No. 09-CI-1742 (Ky. Cir. Ct., May 3, 2010) ("Under the Kentucky Open Records Act, the public records related to the death of a child under the protection of the state foster care system are open to public inspection."). Following that suit, both Newspapers submitted Open Records Acts requests to the Cabinet for copies of all records relating to cases of fatalities or near fatalities. The Cabinet denied their request. Also, following the Franklin Circuit Court's judgment, the Cabinet promulgated new emergency regulations to define what information the Cabinet will release in the case of a fatality or near-fatality resulting from child abuse or neglect.

The Newspapers filed their Complaint against the Cabinet on January 27, 2011, in Franklin Circuit Court. [Record No. 1-1] They asserted two causes of action seeking: (1) injunctive and declaratory relief pursuant to the Kentucky Open Records Act; and (2) declaratory and injunctive relief to prohibit enforcement of the Cabinet's emergency regulations. The Cabinet removed the case to this Court. [Record No. 1] The Newspapers now request that the case be remanded to the Franklin Circuit Court. [Record No. 6]

## II. Analysis

The only question the motion to remand raises is whether the Cabinet properly removed this case to this Court. Federal courts' removal jurisdiction is established in 28 U.S.C. § 1441. Where, as here, the parties are not diverse, the Court looks to subsection (b), which states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). In other words, cases are properly removed when they "arise under" federal law — or, when original federal-question jurisdiction would be proper. *Id.* The Cabinet argues that this case arises under federal law because a resolution of the Newspapers' claims hinges on an interpretation of the federal Child Abuse Prevention and Treatment Act ("CAPTA"). [*See* Record No. 11, pp. 4–6] In contrast, the Newspapers contend that their claims arise only under state law and, to the extent they mention federal law, it is in anticipation of a defense or as an alternate theory.

The Supreme Court has explained that a district court's federal-question jurisdiction extends is limited to cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A case depends on resolution of a substantial question of federal law when "the federal law is a necessary element of one of the well-pleaded . . . claims." *Id.* at 13.

A single claim over which federal-question jurisdiction exists is sufficient to allow removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). Consequently, the Court must look at each claim in the complaint to determine whether that claim falls within one of the two categories which gives rise to federal-question jurisdiction. *See Franchise Tax Bd. of Cal.*, 463 U.S. at 27. However, what the plaintiff styles as one "count" may constitute more than one "claim." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988). "The question is whether at least one federal aspect of [the plaintiff's] complaint is a logically separable claim, rather than merely a separate theory that is part of the same claim as a state-law theory." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). Thus, the Court will examine each count in the Newspapers' Complaint, determine whether it constitutes one or more claims, and then analyze whether those claims are either created by federal law or necessarily raise substantial questions of federal law.

### A. Count One - Kentucky Open Records Act

The Newspapers' first count requests injunctive relief pursuant to KRS § 61.882(2) — the remedial provision of the Kentucky Open Records Act. The Cabinet argues that the Newspapers' Open Record Act count presents two logically separable claims. According to the Cabinet, "Plaintiffs' claim that Defendants violated the Open Records Act because they violated CAPTA is 'logically separable' from the claim that Defendants violated the Open Records Act because they violated KRS 620.050." [Record No. 11, pp. 11–12] However, this statement is neither a fair reading of the Complaint nor the rights and obligations imposed by CAPTA.

First, the Complaint does not cite a cause of action for violating CAPTA. In fact, no such cause of actions exists. *See Tony L. v. Childers*, 71 F.3d 1182, 1190 (6th Cir. 1995) (holding that CAPTA does not create rights enforceable through § 1983 nor does it create an independent cause of action). As the Newspapers point out, CAPTA is a funding statute that conditions federal funding of state child protection programs on the state's assurance that it has in place certain laws for the protection of children. *See* 42 U.S.C. § 5106a(b). The state must certify to the Secretary of Health and Human Services that it has enacted the laws which carry out a number of provisions, mandated by CAPTA, concerning child abuse and neglect investigations. *Id.* CAPTA does not impose any direct obligations on departments of the Commonwealth nor does it create any enforceable rights. *See Tony L.*, 71 F.3d at 1190. Therefore, a claim for a violation of CAPTA is not, nor could it be, a logically separable claim.

However, the Cabinet does not argue that the Newspapers alleged a direct claim for violation of CAPTA. It argues that the logically separable claim is "that Defendants violated the Open Records Act because they violated CAPTA." [Record No. 11, p. 11] However, even the Cabinet's strained construction would not create a logically separable claim. The Franklin Circuit Court explained that the provisions of the Kentucky Open Records Act must be interpreted consistently with CAPTA's dictates. *Lexington H-L Services*, No. 09-CI-1742, slip op. at 8. In other words, KRS § 620.050 and CAPTA require the *same disclosure*, and that disclosure is then enforced through the Kentucky Open Records Act. Thus, a Kentucky Open Records Act claim relying on KRS § 620.050 is not logically separable from a Kentucky Open Records Act claim relying on CAPTA — they are the same claim. Therefore, the Court

concludes that Count One of the Newspapers' Complaint asserts a single claim: a claim predicated on the Kentucky Open Records Act and its disclosure requirements.

The next question is whether the Kentucky Open Records Act claim was created by federal law. It was not. As the Court has previously explained, CAPTA does not create any enforceable rights. While CAPTA's funding provision was likely the impetus behind Kentucky's enactment of the particular provisions at issue, it cannot be maintained that federal law *created* the cause of action. The rights the Newspapers are suing to enforce in Count One were created by state law: the Kentucky Open Records Act.

Thus, the only remaining question concerning Count One is whether it necessarily raises a substantial question of federal law. The applicable test is whether "the federal law is a necessary element of one of the well-pleaded . . . claims." *Franchise Tax Bd. of Cal.*, 463 U.S. at 13. In this case, two specific elements of this test drive the analysis: first, whether the Newspapers' CAPTA references are an element of their "well-pleaded" claim; and second, whether any question of federal law is necessary to the claim.

Under the well-pleaded complaint rule, whether a claim raises a question of federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* at 10 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). Thus, a claim which gives rise to a federal defense does not, for that reason alone, raise a substantial question of federal law, "even if the defense is anticipated in the

plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 14.

In this case, the Newspapers' discussion of CAPTA can best be characterized as anticipating a defense that the Cabinet may assert. The text of the Kentucky Open Records Act supports this conclusion. KRS § 61.872(1) explains that "[a]ll public records shall be open for inspection by any person, except as otherwise provided by KRS 61.870 to 61.884." The Act sets out very limited and well-defined exceptions to the rule of disclosure. *See* KRS § 61.878. Thus, according to the Act, the basic rule is disclosure while confidentiality is the exception. Therefore, to the extent the Cabinet argues that CAPTA mandates confidentiality, it is an exception to the basic rule: it is a defense.

This reading is supported by the Franklin Circuit Court's previous ruling. The court explained that it is "bound by the Open Records Act to require release of the requested information unless a specific statutory exception applies." *Lexington H-L Services*, No. 09-CI-1742, slip. op. at 10. As the Court explained, "[u]nless the *Cabinet can cite* a specific exception to the rule that 'all public records shall be open,' then the Open Records Act requires disclosure." *Id.* at 6 (emphasis added). The burden is on the Cabinet to establish an exception. Thus, to the extent CAPTA would provide an exception to the general rule, it is best classified as a defense. Consequently, any assertions regarding CAPTA in the Newspapers' complaint merely anticipate defenses, they are not a part of the plaintiffs' "well-pleaded claims." *Franchise Tax Bd. of Cal.*, 463 U.S. at 13.

Further, even if the Newspapers' citation to CAPTA was an element of their affirmative complaint, it would not necessarily raise a substantial question of federal law. In this particular instance, the state law is settled. The Franklin Circuit Court aptly defined the contours of the Open Records Act as it relates to child protection cases. *See Lexington H-L Services*, No. 09-CI-1742. It interpreted the Act consistently with CAPTA, *id.* at 8, but the ultimate decision was one of *state* law. *Id.* at 12 ("Under the *Kentucky Open Records Act*, the public records related to the death of a child under the protection of the state foster care system are open to public inspection. KRS 620.050(12)(a); KRS 61.872." (emphasis added)). The Newspapers' claim attempts to enforce a state law that has been previously interpreted by the state court. This Court need not resort to federal law to determine whether a particular record fits within that established interpretation. In other words, no question of federal law is *necessary* to its resolution. Thus, the Newspapers' Open Records Act claim does not necessarily raise a substantial question of federal law. Therefore, the Court concludes that Count One of the Newspapers' Complaint does not "arise under" federal law, and would not make removal jurisdiction proper.

### B. Count Two - Emergency Regulations

The Newspapers' second count contends that the emergency regulations promulgated by the Cabinet are void because they violate a number of state laws. Each violation of state law would independently provide justification to declare the regulation void and enjoin its enforcement. Thus, it follows that each state law the regulations allegedly violate constitutes a "logically separable claim." However, only one of the Newspapers' claims even mentions federal law. [*See* Record No. 1-1, ¶ 45] In one claim, the Newspapers allege that:

> *Pursuant to KRS 13A.120(2)*, the Emergency Regulations are unauthorized and void because 42 U.S.C. § 5106a(b)(2)(A)(x) and KRS 620.050(12)(a) provide that the Cabinet may publicly disclose information from a case where child abuse or neglect has resulted in a fatality or near fatality. Among other things, the Emergency Regulations are precluded by those statutes and would nullify the intent and effect of those statutes.

[Record No. 1-1, ¶ 45 (emphasis added)] Despite the Cabinet's argument that this presents logically separable claims — a federal preemption claim and a state-law preemption claim — such an argument cannot be supported by a plain reading of the Complaint. The Newspapers do not assert a federal preemption or supremacy clause argument. Their claim begins with the phrase "[p]ursuant to KRS 13A.120(2)."

KRS § 13A.120(2) provides that an administrative body may not promulgate regulations which "modify or vitiate a statute or its intent." The Newspapers' Complaint alleges that the regulations are contrary to two statutes: 42 U.S.C. § 5106a(b)(2)(A)(x) and KRS § 620.050(12)(a).[1] The Complaint does not refer to either the supremacy clause or any doctrine of federal preemption. The well-pleaded allegations merely state that the Cabinet's regulation modify or vitiate a statute, which makes them improper pursuant to KRS § 13A.120(2). Thus, the reference to U.S.C. § 5106(b)(2)(A)(x) is best seen as an alternative theory for the violation of KRS § 13A.120(2), not a logically separable claim.

Because the Court has concluded that the regulations' alleged contradiction with U.S.C. § 5106(b)(2)(A)(x) is only an alternative theory, it follows that the claim based on KRS § 13A.120(2) does not necessarily raise a question of federal law. "A claim supported by

---

1  Whether the meaning of "statute" in KRS § 13A.120(2) includes federal statutes is not before the Court. When the plaintiffs present their claim in a particular way, the Court constrains itself to their well-pleaded complaint.

alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to *each* of those theories." *Christianson*, 486 U.S. at 810 (emphasis added). In other words, a claim does not *necessarily* raise a question of federal law when it could be supported by an alternative theory which bears no relation to federal law. In this case, the Newspapers' argument that the emergency regulations are void "pursuant to KRS 13A.120(2)" is supported by at least one theory which only raises questions of state law. [*See* Record No. 1-1, ¶ 45 (alleging that the emergency regulations are void because they modify and vitiate KRS § 620.050(12)(a))] Therefore, it does not necessarily raise a substantial question of federal law.

Finally, it is apparent that federal law did not create the claim in question. Each ground for enjoining the emergency regulations specifically cites to a state law which provides for the proper promulgation of administrative regulations. Where the Newspapers' claims were neither created by federal law nor necessarily raise questions of federal law, they do not "arise under" the federal laws, and would not support removal jurisdiction.

### III. Conclusion

The Newspapers' Complaint asserts two counts. Count One, brought pursuant to Kentucky Open Records Act, constitutes a single claim. Count Two, requesting the Court to enjoin the Cabinet's administrative regulations, is made up of a number of logically separable claims, but only one of those claims relies on a theory that implicates federal law. None of the claims asserted were created by federal law. Further, not one of the claims necessarily depends on the resolution of a substantial question of federal law. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiffs' Motion to Remand [Record No. 6] is **GRANTED**. The case shall be remanded to the Franklin Circuit Court, where it was originally filed.

2. The plaintiffs' Joint Motion to Dismiss for Lack of Jurisdiction [Record No. 7] is **DENIED**, without prejudice, as moot.

3. This case will be **DISMISSED** and **STRICKEN** from the Court's active docket.

This 1st day of June, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge